UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM ALEXANDER LIMBRICK,<br><br>         Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>         Respondent. | Case No.: 22cv00063-LL-WVG<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(B)(3)(a) GATEKEEPER PROVISION** |

  Petitioner, a state prisoner proceeding *pro se*,[1] has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his November 30, 2006, convictions in San Diego County Superior Court case number SCD187132 for (1) first degree murder committed during the course of a robbery; (2) attempted murder; (3) two counts of robbery; and (4) one count of shooting at an inhabited dwelling, for which he was sentenced to life in prison without the possibility of parole plus consecutive terms of 25 years to life and 48 years. ECF No. 1 at 1-2, 18. Petitioner claims that "[i]t has since become clear that" his codefendant, who testified at their joint trial that Petitioner was the

---

[1]  In reviewing the instant Petition, the Court is mindful that "[a] document filed *pro se* is to be liberally construed … and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

shooter, "has a documented record of dishonesty and making false, self-serving statements, even under oath … and, in fact, several years later testified under oath to a different version of events regarding the night in question … and no longer implicates Petitioner." *Id*. at 7-10.

## **PETITION BARRED BY GATEKEEPER PROVISION**

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his November 30, 2006, conviction in San Diego Superior Court case number SCD187132. On November 17, 2010, Petitioner filed in this Court a Petition for a Writ of Habeas Corpus challenging that same conviction. *See Limbrick v. Uribe*, No. 3:10-cv-02376-JLS-MDD (S.D. Cal. Nov. 17, 2010), ECF No. 1. He claimed, *inter alia*, that his due process rights were violated by the introduction of his co-defendant's testimony. *Id*. at 17. On August 26, 2013, this Court denied the petition on the merits of the claims presented and denied a certificate of appealability, observing in part that "the record supports the state court's finding that there was 'strong and ample independent evidence against (Petitioner) apart from [his co-defendant]'s testimony and statements," including that Petitioner was identified as the shooter by another witness whose testimony was corroborated. *See id.* at ECF No. 32 (adopting the magistrate judge's report and recommendation, denying the petition for writ of habeas corpus, and denying the certificate of appealability). Petitioner appealed to the Court of Appeals for the Ninth Circuit which also denied a certificate of appealability. *See id.* at ECF No. 36; *see also Limbrick v. Uribe*, No. 13-56709 (9th Cir. June 25, 2014).

Petitioner states that he is now seeking to challenge the same conviction he challenged in his prior federal habeas petition on the basis that sometime after his conviction, it came his attention that his co-defendant has a history of false testimony and no longer implicates him as the shooter. ECF No. 1 at 1-10.

28 U.S.C. § 2244(b)(2) provides that:
> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
     (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2)(A)(B).

  This provision creates a "gatekeeping" mechanism for consideration of second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 657 (1996). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (noting that a petition is considered second or successive if the first petition was denied on the merits of the claims raised).

  Even if Petitioner's claim of newly discovered evidence that his co-defendant now admits he testified falsely satisfies 28 U.S.C. § 2244(b)(2)(B), he must first obtain authorization from the Ninth Circuit Court of Appeals to file a petition in this Court. *See Rishor v. Ferguson*, 882 F.3d 482, 490 (9th Cir. 2016) (stating that a failure to obtain appellate court authorization for filing a successive petition acts as a jurisdictional bar). Thus, unless a Petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in this district court. *Id*.

  Here, Petitioner admits he has challenged this conviction in this Court in a prior habeas petition but does not state that the Ninth Circuit Court of Appeals has granted him

leave to file a successive petition.

## CONCLUSION AND ORDER

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action *without prejudice* to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. If Petitioner has already been granted permission from the Ninth Circuit and has only inadvertently omitted it from his Petition, he may, **on or before June 22, 2022**, present the Court with the authorization and request to have this case reopened.

The rules governing habeas cases brought in federal court by state prisoners require a district court, when issuing an order denying such a petition, to either grant or deny a certificate of appealability ("COA"). *See* Rules Governing § 2254 Cases, Rule 11(a). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Under that standard, the Court **DENIES** a certificate of appealability.

*The Clerk of Court is directed to send Petitioner a blank Ninth Circuit Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 together with a copy of this Order.*

**IT IS SO ORDERED.**

DATED:   May 16, 2022

**HON. LINDA LOPEZ**
United States District Judge